J-S13026-18

2018 PA Super 115

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES EDMUND BROWN, III :
:
Appellant : No. 1161 WDA 2017
:

Appeal from the Judgment of Sentence July 6, 2017
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003259-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

OPINION BY SHOGAN, J.:                          **FILED MAY 4, 2018**

James Edmund Brown, III ("Appellant"), appeals from the judgment of sentence entered July 6, 2017, in the Court of Common Pleas of Westmoreland County.  We affirm in part and vacate and remand in part.

The charges in this case stem from the investigation of a missing gun. On March 26, 2015, in Derry Borough, Westmoreland County, Thomas Magdic ("Magdic") was working as a paratransit driver for Veterans Cab Company. N.T., 4/5-6/17, at 50.  At trial, Magdic testified that on that date, he had a leather jacket with him that was draped over the driver's seat of the vehicle he was driving.  *Id.* at 52.  Magdic explained that the manner in which the jacket was draped over the seat made some of the jacket accessible to the backseat passenger.  *Id.* at 52-53.  Magdic stated that the right bottom pocket of the jacket contained a loaded Beretta pistol.  *Id.*

Magdic picked up Appellant at his residence and transported him to Latrobe Hospital. N.T., 4/5-6/17, at 56, 72. After taking Appellant to the hospital, Magdic transported three other fares before returning to the hospital to get Appellant. *Id.* at 72-73. Appellant entered the backseat of the car on the passenger side but later slid over behind the driver's seat when Magdic picked up another fare. *Id.* at 55-56. Magdic testified that at some point during that trip, he felt a tug on his jacket and felt the back of his seat being pushed. *Id.* at 57. Although concerned about his gun, Magdic waited to check his jacket until he transported the occupants to their designated locations. *Id.* at 57-58.

Upon investigation and while parked outside of Appellant's residence, Magdic discovered that his gun was missing from his jacket pocket. N.T., 4/5-6/17, at 58. He reported the missing gun to the Derry Borough Police Department. *Id.* at 58. The chief of police responded to the scene, spoke to Magdic regarding the missing gun, and then proceeded to Appellant's residence and questioned him about the missing gun. *Id.* at 58, 116-118. The chief conducted a pat-down of Appellant and a cursory search of the home but did not find the gun. *Id.* at 118. Appellant told officers that he did not have Magdic's gun. *Id.* at 118.

The chief of police subsequently received calls indicating that Calvin Flemming ("Flemming") possessed the gun in question. N.T., 4/5-6/17, at

121-122. The investigating officer contacted Flemming, and Flemming led the officer to the gun, which was hidden in the woods behind Flemming's residence. *Id.* at 123-126. Flemming informed the officer that he received the gun from Appellant. *Id.* at 128-129.

Flemming testified that Appellant was his wife's uncle. N.T., 4/5-6/17, at 83-84. Flemming explained that some time after April 12, 2015, Appellant contacted him and asked him to take the gun. *Id.* at 84-86. Appellant paid him $50.00 for doing so. *Id.*

At trial, Appellant denied taking Magdic's gun. N.T., 4/5-6/17, at 196-197. He also denied asking Flemming to take the gun, or paying Flemming to hide it. *Id.* at 196-198. Also during trial, the Commonwealth introduced evidence *via* a stipulation, that Appellant previously was convicted of robbery on May 2, 2008, and aggravated assault on August 14, 2009. *Id.* at 164-165, Commonwealth's Exhibits 10, 11, and 12.[1]

The trial court summarized the procedural history of this case as follows:

On or about July 28, 2015, [Appellant] was charged with the following offenses:

1. Count One: Theft by Unlawful Taking - Movable Property, in violation of 18 Pa. C.S.A. § 3921(a),

2. Count Two: Receiving Stolen Property, in violation of 18 Pa. C.S.A. § 3925(a),

---

[1] The crimes of robbery and aggravated assault are two of the prohibited offenses listed under 18 Pa.C.S. § 6105(b), making Appellant ineligible to possess, use, manufacture, control, sell, or transfer a firearm.

3. Count Three: Possession of a Firearm Prohibited, in violation of 18 Pa. C.S.A. § 6105(a)(1), and
4. Count Four: Firearms Not to Be Carried Without a License, in violation of 18 Pa. C.S.A. § 6106(a)(1).

On February 16, 2017, prior to the commencement of trial, [Appellant] filed Motions in Limine including a Motion for a Bifurcated Trial on Count Three. A hearing was held before this [c]ourt on the same day. During the hearing, defense counsel argued that although the Commonwealth must present evidence that [Appellant] was disqualified from possessing a firearm, that evidence should be introduced in the second phase of the trial after the jury determined guilt or innocence of the underlying charges as to not prejudice [Appellant]. Defense counsel alleged that if the jury was to hear this upfront, the jury would assume that [Appellant] has a history of violence. After arguments, the [c]ourt granted [Appellant's] Motion to Bifurcate Counts One, Two, and Four from Three; however, the [c]ourt held that the Commonwealth was at liberty to decide how it wanted to proceed.

On April 5, 2017, [Appellant] proceeded to a jury trial before this [c]ourt.[1] On April 6, 2017, the jury returned a verdict of guilty of all of the above-referenced charges.[2] Sentencing was deferred

> [1] [Appellant] also proceeded to a jury trial at Case Number 4206 C 2016. At Case Number 4206 C 2016, [Appellant] was charged with two counts of Intimidation of Witness, in violation of 18 Pa.C.S.A. § 4952(a)(2) and (a)(3). At the conclusion of this trial, the jury returned a verdict of "Not Guilty" on both counts.

pending a Pre-Sentence Investigation. On July 6, 2017, [Appellant] was sentenced by this [c]ourt as follows: At Count Three, [Appellant] was sentenced to forty-two (42) months to

_____

[2] The jury was selected and heard evidence and testimony on count three, and two intimidation-of-witnesses counts from Case Number 4206 C 2016. After rendering its guilty verdict on count three, the same jury was then informed of the three remaining charges of theft, receiving stolen property, and possession of a firearm without a permit, and was instructed on those. N.T., 4/5-6/17, at 310-315. After deliberating, it returned a verdict of guilty on the three remaining offenses. *Id.* at 315-316.

- 4 -

eight (8) years incarceration at the Department of Corrections. He was given credit for time served and directed to have no direct or indirect contact with the victim. At Count Four, [Appellant] was sentenced to forty-two (42) months to eight (8) years incarceration concurrent to Count Three. At Count One, [Appellant] was sentenced to two (2) to four (4) years incarceration concurrent to Count Three. Count Two merged with Count One for purposes of sentencing. The sentence imposed was outside of the mitigated range of the Pennsylvania Sentencing Guidelines for the reason that [Appellant] participated in jail GED classes and CRS programs.

On July 11, 2017, the Sentencing Order was amended to reflect that at Count Four, [Appellant] was sentenced to forty-two (42) months to seven years incarceration concurrent to Count Three. All of the other terms and conditions of the July 6, 2017 Order of Court [were] to remain in full force and effect. [Appellant] did not file any Post-Sentence Motions. On August 4, 2017, [Appellant] filed a Notice of Appeal to the Pennsylvania Superior Court. On or about August 14, 2017, this [c]ourt entered an Order of Court directing [Appellant] to file a Concise Statement of Errors Complained of on Appeal within twenty-one days. On September 5, 2017, [Appellant] filed said statement and raised the following two issues: (1) Whether the trial court erred in granting his Motion for a Bifurcated Trial on the charge of Possession of a Firearm Prohibited in a manner, which allowed for the jury to be exposed to the fact that [Appellant] had prior convictions on his record for the violent offenses of Robbery and Aggravated Assault, before deciding his guilt or innocence of not only the Possession of Firearm Prohibited charge, but also of all of the underlying charges, and (2) Whether there was sufficient evidence to convict [Appellant] of all of the above-referenced charges.

Trial Court Opinion, 9/14/17, at 4-6.

Appellant presents the following issues for our review:

Whether the guilty verdicts of the jury for the offenses of theft by unlawful taking-movable property, receiving stolen property, possession of firearm prohibited and firearms not be carried without a license at counts 1 through 4 of the information were contrary to the sufficiency of the evidence?

> Whether the trial court erred by granting the Appellant's motion for a bifurcated trial on the count 3 offense of possession of firearm prohibited in a manner, which allowed for the jury to be exposed to the fact that the [A]ppellant had prior convictions on his record for the violent offenses of robbery and aggravated assault, before deciding his guilt or innocence of not only the possession of firearm prohibited offense, but of the offenses of theft by unlawful taking-movable property, receiving stolen property and firearms not to be carried without a license offenses, as well?

Appellant's Brief at 6.[3]

In his first issue, Appellant asserts there was insufficient evidence to support his convictions of counts one through four. Appellant's Brief at 15. Specifically, Appellant contends that the Commonwealth did not meet its "burden of proving each and every element of the aforementioned charges beyond a reasonable doubt, in that the evidence which was presented at trial was insufficient to establish that he stole or possessed the firearm in question." *Id.* at 17.

We first note that we could find Appellant has waived his sufficiency claim because his Pa.R.A.P. 1925(b) statement only generally alleges that there was insufficient evidence to support guilty verdicts on counts one

---

[3] We have renumbered Appellant's issues for ease of disposition. We address Appellant's sufficiency challenge first because he would be entitled to discharge if the evidence was insufficient to support the verdict. *See* ***Commonwealth v. Toritto***, 67 A.3d 29, 33 (Pa. Super. 2013) ("Because a successful sufficiency of the evidence claim warrants discharge on the pertinent crime, we must address this issue first.").

through four.  Pa.R.A.P. 1925(b) Statement, 9/5/17, at ¶ 9.  In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009).  "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.* at 281 (internal citation omitted).  However, in paragraph 11 of his Pa.R.A.P. 1925(b) statement, Appellant also asserted that the Commonwealth did not meet its burden of proof for the four charges because the evidence was insufficient to establish that he stole or possessed the firearm.  Pa.R.A.P. 1925(b) Statement, 9/5/17, at ¶ 11.  Thus, we decline to find that Appellant has waived his issue and will proceed to address it on the merits.

The standard for evaluating sufficiency claims is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

- 7 -

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Estepp*, 17 A.3d 939, 943-944 (Pa. Super. 2011).

The offense of "theft by unlawful taking or disposition–movable property" is defined as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). Section 3925(a) provides the following definition for "receiving stolen property": "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a).

The offense of "persons not to possess, use, manufacture, control, sell or transfer firearms" is defined, in relevant part, as follows:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). With regard to the offense of "firearms not to be carried without a license," Section 6106(a)(1) provides that:

> [A]ny person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and

- 8 -

lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

In determining that there was sufficient evidence to sustain all of Appellant's convictions, the trial court provided the following explanation:

> This [c]ourt, having reviewed the entire record in this case and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, finds that there was, in fact, sufficient evidence presented at trial to support [Appellant's] conviction of Theft by Unlawful Taking-Movable Property, Receiving Stolen Property, Possession of a Firearm Prohibited, and Firearms not to be Carried Without a License[]. . . . [T]his [c]ourt finds that through circumstantial evidence, the Commonwealth has established each element of each offense charged.
>
> The evidence at trial demonstrated that [Magdic] owned a loaded Beretta pistol which he carried with him in his taxi cab for his personal protection. [Magdic] testified that he concealed the gun in his jacket which he draped over the driver's seat of his taxi where he was sitting. He testified that in the morning hours of March 26, 2015, he had five fares including [Appellant]. A trainee was also in the vehicle with him. Both [Magdic] and [Appellant] testified that on the date of the incident, [Appellant] was sitting directly behind [Magdic's] seat. [Magdic] testified that while [Appellant] was sitting behind him, he felt his jacket being tugged and the back of his seat being pushed in which caused him to become concerned about his gun.
>
> After dropping [Appellant] off at his residence, [Magdic] became aware that his gun was in fact missing and called the police. Although Chief Glick did not immediately locate the gun on [Appellant] or in his possession, through his investigation he learned that Mr. Flemming was in possession of the missing gun. Mr. Flemming and [Appellant] are related through marriage and have occasion to spend time together. Several weeks after the alleged theft, Mr. Flemming testified that [Appellant] asked him to come over to his residence. There, he alleged that [Appellant] gave him a gun and asked him to hide it. Mr. Flemming testified that he agreed, and [Appellant] paid him $50.00. Mr. Flemming testified that he eventually wrapped the gun in a rag and hid the

gun in the woods behind his house.

> As part of his investigation, Chief Glick learned that Mr. Flemming may have the missing gun. Chief Glick went to Mr. Flemming's residence, and eventually, Mr. Flemming informed Chief Glick that [Appellant] gave him a gun to hide. Mr. Flemming retrieved the gun that was wrapped in a rag from the woods behind his house, and the gun was identified as belonging to [Magdic]. Mr. Flemming testified that he did not know [Magdic], was never in his taxi, nor did he know any of the other fares in the taxi on the date of the incident. Based on all of the evidence presented, the [c]ourt concludes that it was reasonable for the jury to find that [Magdic], Chief Glick, and Mr. Flemming testified truthfully and accurately and the facts testified to by the witnesses led to the conclusion that the facts in question happened. Therefore, albeit circumstantial, the [c]ourt finds that the Commonwealth has presented sufficient evidence for the jury to find [Appellant] guilty of all of the above-referenced charges.

Trial Court Opinion, 9/14/17, at 10-12.

The trial court's recitation of the evidence is supported by the record. Accordingly, viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to enable the fact-finder to conclude that Appellant possessed, controlled, or transferred the firearm owned by Magdic. **Estepp**, 17 A.3d at 943-944. Thus, there was sufficient evidence to support Appellant's convictions of theft by unlawful taking-movable property, receiving stolen property, possession of a firearm prohibited, and firearms not to be carried without a license.[4] Appellant's first issue fails.

_____

[4] The parties stipulated that Appellant did not possess a license to carry a firearm. N.T., 4/5-6/17, at 315.

In his second issue, Appellant argues that the trial court erred by granting Appellant's motion for a bifurcated trial on count three, possession of a firearm prohibited, in a manner that allowed the jury to consider Appellant's prior convictions when deliberating on the remaining three charges. Appellant's Brief at 11. Specifically, Appellant complains that the trial court's order severing count three from the remaining three charges allowed the Commonwealth to determine the order in which it wished to present evidence on the charges. *Id.* at 13. The Commonwealth chose to proceed first with the offense of persons not to possess a firearm pursuant to 18 Pa.C.S. § 6105. *Id.* By doing so, Appellant asserts that the jury was provided with evidence of Appellant's prior convictions of robbery and aggravated assault, before its consideration of the remaining charges of theft, receiving stolen property, and firearms not to be carried without a license, which do not require evidence of prior convictions. *Id.* at 11-12. Accordingly, Appellant maintains that evidence of prior convictions would lead the jury to assume that he had a history of violence. *Id.* at 13. Appellant avers that he was prejudiced by the trial court's decision to give the Commonwealth discretion on how to proceed in this matter and, therefore, he is entitled to a new trial. *Id.* at 13-14.

"Appellate review of a trial court's denial of a motion for severance is as follows: A motion for severance is addressed to the sound discretion of the

trial court, and ... its decision will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Page***, 59 A.3d 1118, 1133 (Pa. Super. 2013). Pennsylvania Rule of Criminal Procedure 583, Severance of Offenses or Defendants, provides as follows: "The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together."

> The prejudice of which Rule 583 speaks is, rather, that which would occur if the evidence tended to convict the appellant only by showing his propensity to commit crimes, or because the jury was incapable of separating the evidence or could not avoid cumulating the evidence. Additionally, the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial, and it is not grounds for severance by itself.

***Commonwealth v. Dozzo***, 991 A.2d 898, 901 (Pa. Super. 2010).

It is axiomatic that a charge under 18 Pa.C.S. § 6105, former convict not to possess a firearm, requires evidence that the defendant was previously convicted of a crime. In this case, Appellant was charged with a violation of Section 6105 along with three other charges that did not require evidence of a prior conviction. It is a reasonable conclusion that evidence of previous convictions could result in prejudice against Appellant in a jury's consideration of the three charges not requiring evidence of prior convictions. It was for this reason that Appellant sought severance of the Section 6105 violation from the other charges. Motion for a Bifurcated Trial on Count 3 Section 6105 Offense, 2/16/17, at unnumbered 2-4.

This Court has previously concluded that a trial court abused its

discretion when it did not sever a charge pursuant to 18 Pa.C.S. § 6105 from other charges that do not require evidence of a prior conviction. As we explained:

> The crime of "Former convict not to own a firearm", requires the Commonwealth to show a previous conviction for a violent crime. Thus, where these charges are brought with others, clearly the jury is exposed to the fact that this particular defendant had previously committed a violent crime.
>
> Normally, in criminal trials, evidence of prior crimes committed by a particular defendant is not admissible and any reference to it constitutes reversible error. The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes, he was more likely to commit that crime for which he is being tried.
>
> The prejudice here is a bit different. Clearly the introduction of the fact of appellant's former conviction of a violent crime was required as an element of proof of the crime of "Former convict not to own a firearm."
>
> Appellant claims that because of the nature of the proof required in that crime, it could not be consolidated with other charges, since then the prejudice of the introduction of his former conviction would spread to all the charges. We agree. We feel to reach any other result would be inconsistent with general principles of evidence admissible in a criminal trial.
>
> Normally, evidence that a particular defendant committed a prior crime is admissible only where it tends to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others, or (5) to establish the identity of the person charged with the commission of the crime on trial. Clearly here the evidence of appellant's former crime does not satisfy any of these criteria. Thus following normal evidentiary principles, we believe the severance should have been granted.

- 13 -

However, the denial of a motion for severance is not an abuse of discretion if the facts and elements of the two crimes are easily separable in the minds of the jurors and if the crimes are such that the fact of commission of each crime would be admissible as evidence in a separate trial for the other.

We believe this test to be inapplicable to our situation. Here, we are presented with a crime which, as part of the proof, requires proof that the appellant had previously committed a violent crime. Clearly the fact that appellant committed the former violent crime, is of no evidentiary value to the proof of any of the other crimes with which he is so charged; its only relevance is to satisfy the requirements of "Former convict not to own a firearm".

This being the case, we see no justification for refusing the severance requested by appellant. Clearly, the consolidated trial of these above enumerated offenses severely prejudiced appellant in that the jury was exposed to the proof that appellant had formerly committed a violent crime.

*Commonwealth v. Carroll*, 418 A.2d 702, 704-705 (Pa. Super. 1980) (internal citations omitted). Although the circumstances of this case differ from *Carroll* in that Appellant is challenging the order in which the charges were presented to the jury after the trial court ostensibly granted Appellant's severance request, the same principles apply. The jury was exposed to proof that Appellant had previously committed a violent crime prior to deciding counts one, two, and four.

Accordingly, we conclude that the trial court properly granted Appellant's petition to sever count three from the other three charges. We are constrained to disagree, however, with the trial court's decision to give the Commonwealth discretion with regard to the order in which to proceed with prosecution of the charges. The Commonwealth's decision to proceed

with prosecution of Section 6105 prior to prosecution of the other three charges before the **same jury** resulted in prejudice to Appellant. During prosecution of the Section 6105 charge, the jury heard evidence of the prior convictions of robbery and aggravated assault, as was necessary to that charge. The jury, however, also then had available to it that same information when subsequently considering the other three charges for which the evidence was unnecessary, and indeed, prejudicial. In essence, the severance of count three, with permission for the Commonwealth to prosecute that charge prior to prosecution of the other three charges before a single jury, was an exercise in futility. The result was the same prejudice to Appellant as would have occurred had the trial court not severed count three from the remaining charges.

Thus, we agree that Appellant was prejudiced by introduction of this evidence on the charges of theft, receiving stolen property, and firearms not be carried without a license. Accordingly, we are compelled to vacate the judgment of sentence on the charges of theft, receiving stolen property, and firearms not to be carried without a license, and remand these charges for a new trial.[5]

In conclusion, judgment of sentence for the charge of persons not to

---

[5] Evidence of the prior convictions was relevant to satisfy the requirements of "former convict not to own a firearm" under Section 6105. 18 Pa.C.S. § 6105. Thus, Appellant did not suffer any prejudice on prosecution of the Section 6105 charge.

possess a firearm pursuant to 18 Pa.C.S. § 6105 is affirmed. The judgment of sentence on the remaining charges of theft, receiving stolen property, and firearms not to be carried without a license is vacated, and this case is remanded for a new trial on those charges.

Judgment of sentence affirmed in part and vacated and remanded in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2018