J-S47007-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSIE JAMES HOLLEY | : | |
| | : | |
| Appellant | : | No. 1353 WDA 2017 |

Appeal from the Judgment of Sentence August 8, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014168-2014

BEFORE:   OLSON, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    FILED OCTOBER 15, 2018

Appellant, Jessie James Holley, appeals from the judgment of sentence entered on August 8, 2017, as made final by the denial of his post-sentence motion on August 24, 2017.  We affirm.

On September 27, 2014, Appellant's girlfriend was scheduled to babysit 11-year-old A.M. ("Victim").  She, however, sent Appellant to watch Victim. While Victim was playing video games, Appellant touched her legs, breasts, and vagina while kissing her neck.  Victim retreated to a bedroom.  Appellant convinced her to open the door and then entered the bedroom.  He touched her vagina and then penetrated her vagina with his fingers.  Appellant took Victim's clothes off, performed oral sex on her, and raped her.  The next morning, Victim reported the assault.

_____
*   Retired Senior Judge assigned to the Superior Court.

On November 18, 2014, the Commonwealth charged Appellant via criminal information with 11 offenses. Appellant proceeded to trial in September 2015. The jury was unable to reach a unanimous verdict and the trial court declared a mistrial. Appellant proceeded to a second trial in December 2016. The trial court declared a mistrial after evidence was not provided to both parties. A third trial was held in March 2017. The trial court declared a mistrial after evidence was not disclosed to either party.

Finally, a fourth trial was held in May 2017. Appellant was convicted of two counts of indecent assault of a child under 13 years old,[1] rape of a child,[2] involuntary deviate sexual intercourse with a child,[3] aggravated indecent assault of a child,[4] unlawful contact with a minor,[5] aggravated indecent assault of a child under 13 years old,[6] corruption of minors,[7] and indecent exposure.[8] On August 8, 2017, the trial court sentenced Appellant to an aggregate term

_____

[1] 18 Pa.C.S. § 3126(a)(7).

[2] 18 Pa.C.S.A. § 3121(c).

[3] 18 Pa.C.S.A. § 3123(b).

[4] 18 Pa.C.S.A. § 3125(b).

[5] 18 Pa.C.S. § 6318(a)(1).

[6] 18 Pa.C.S. § 3125(a)(7).

[7] 18 Pa.C.S. § 6301(a)(1)(ii).

[8] 18 Pa.C.S. § 3127(a).

of 35 to 70 years' imprisonment. On August 24, 2017, the trial court denied

Appellant's timely post-sentence motion. This timely appeal followed.[9]

Appellant presents two issues for our review:

1. [Was the verdict against the weight of the evidence?

2. Did the trial court abuse its discretion by sentencing Appellant to an aggregate term of 35 to 70 years' imprisonment?]

Appellant's Brief at 9.

In his first issue, Appellant argues that the verdict was against the weight of the evidence. A defendant is entitled to a new trial based on the weight of the evidence "only when the verdict is so contrary to the evidence that it shocks one's sense of justice[.]" Commonwealth v. Smith, 181 A.3d 1168, 1187 (Pa. Super. 2018) (citation omitted). "[W]hen an appellate court reviews a weight claim, the court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence." Commonwealth v. Jacoby, 170 A.3d 1065, 1080 (Pa. 2017) (citation omitted).

Appellant contends that the verdict was against the weight of the evidence for several reasons. First, he argues that Victim's testimony he penetrated her vagina with his fingers and penis was inconsistent with her prior testimony and statements to investigators. It is well-settled that

_____

[9] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

"questions regarding [a witness'] motives or prior inconsistent statements [are] classic issues of credibility to be decided by the jury." Commonwealth v. Sanchez, 36 A.3d 24, 40 (Pa. 2011). This is particularly true where the defendant had "ample opportunity to impeach [a witness'] credibility during cross-examination and, indeed, was able to develop the [witness'] motives and highlight inconsistencies [with prior testimony]." Id.

Appellant's counsel cross-examined Victim regarding her prior inconsistent testimony. Moreover, Appellant's counsel cross-examined the investigators regarding Victim's inconsistent statements. Although Victim conceded that her trial testimony was inconsistent with some of her prior testimony and prior statements to investigators, there was also evidence that showed Victim's trial testimony was consistent with past statements. Specifically, an investigator testified that Victim told him that Appellant penetrated her vagina with his fingers and penis. See N.T., 5/3/17, at 145-146. Hence, Victim's testimony was not inconsistent with all of her prior statements. Instead, Victim clarified her prior inconsistent statements at trial. Appellant drew the jury's attention to these inconsistent statements; however, the jury believed Victim's trial testimony. Cf. Commonwealth v. Brown, 186 A.3d 985, 991 (Pa. Super. 2018) (citation omitted) (The jury, "while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence."). Accordingly, the trial court reasonably exercised its discretion by finding the verdict was

not against the weight of the evidence because of Victim's prior inconsistent statements regarding penetration.

Appellant also argues that the verdict was against the weight of the evidence because Victim testified that she looked at a clock in the bedroom to note the time the assault occurred. A photograph of the bedroom, however, did not show a clock in the bedroom. This argument fails for two reasons. First, the location of the clock that Victim used to note the time of the assault was tangential to the key questions the jury decided. Second, the owner of the house testified that the bedroom contained a clock and was unsure why the photograph did not show the clock. The jury could have inferred that the clock was moved after the assault and prior to taking the photograph. Hence, the trial court reasonably exercised its discretion by finding the verdict was not against the weight of the evidence because of Victim's testimony regarding the clock.

Next, Appellant argues that the scientific evidence was inconclusive. Appellant's DNA was found in two locations – on the washcloth in the bathroom and on the sheet that covered the bed upon which the Victim was raped. Victim testified that she used that washcloth to wipe away Appellant's semen after the rape. She also testified that Appellant used the bathroom after raping her. According to Appellant, his DNA could have been transferred to the washcloth after using the restroom and the semen present on the washcloth could have come from a different source. This is pure conjecture.

The most reasonable inference from this evidence was that Appellant's DNA was on the washcloth because Victim used it to wipe away Appellant's semen. Hence, the trial court reasonably exercised its discretion by finding the verdict was not against the weight of the evidence because of inconclusive scientific evidence.

Victim testified that she reported the assault while upstairs. Her aunt testified that she reported the assault downstairs in the kitchen. According to Appellant, this contradictory evidence shows that the verdict was against the weight of the evidence. This argument is without merit because Victim's testimony was generally consistent with her aunt's testimony. Both testified that Victim reported the rape via a note she passed to the aunt. The exact location of where the note was given to Victim's aunt was tangential to the central issues the jury was tasked with deciding. Hence, the trial court reasonably exercised its discretion by finding the verdict was not against the weight of the evidence because of the inconsistent testimony regarding the location the note was handed to Victim's aunt.

Victim testified that Appellant hit his head on the nightstand when she pushed him off of her. Appellant argues that this testimony shows that the verdict was against the weight of the evidence because there was no bruise present on his head. It is common sense, however, that a bruise does not form every time an individual bangs his or her head against a hard surface. Hence, the trial court reasonably exercised its discretion by finding the verdict

was not against the weight of the evidence because of the testimony that Appellant hit his head after being pushed off of Victim.

Finally, Appellant argues that the verdict was against the weight of the evidence because of Victim's statements regarding semen on her stomach. This argument is based on a misreading of Victim's trial testimony. At trial, Victim testified that Appellant did not ejaculate on her stomach. N.T., 5/3/17, at 101. She did not testify that her stomach was dry. Victim told investigators that Appellant rubbed his penis on her stomach. See N.T., 5/4/17, at 197-198. In other words, Victim's stomach was wet even though Appellant did not ejaculate on her stomach. Therefore, her trial testimony was not inconsistent with her statements to investigators. Hence, the trial court reasonably exercised its discretion by finding the verdict was not against the weight of the evidence because of the testimony regarding Victim's wet stomach.

We have reviewed the entire trial transcript. Taken as a whole, we are unable to conclude that the trial court abused its discretion by finding that the guilty verdict did not shock its sense of justice. Accordingly, Appellant is not entitled to relief on his weight of the evidence claim.

In his second issue, Appellant argues that the trial court abused its discretion by sentencing him to an aggregate term of 35 to 70 years' imprisonment. This argument challenges the discretionary aspects of his sentence. Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. See 42 Pa.C.S.A. § 9781(b).

Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. Id.

> In order to reach the merits of a discretionary aspects claim,
>
> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

Commonwealth v. Foust, 180 A.3d 416, 439 (Pa. Super. 2018) (cleaned up). Appellant filed a timely notice of appeal, preserved the issue in his post-sentence motion, and included a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his appellate brief. Thus, we turn to whether Appellant raises a substantial question related to the discretionary aspects of his sentence.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Radecki, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). "A substantial question is raised when an appellant advances a colorable argument that the trial court's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Patterson, 180 A.3d 1217, 1232 (Pa. Super. 2018) (cleaned up).

In his Rule 2119(f) statement, Appellant argues that the trial court failed to offer specific reasons for its harsh sentence. This argument presents a substantial question. See Commonwealth v. Dunphy, 20 A.3d 1215, 1222 (Pa. Super. 2011) (citation omitted). Accordingly, we proceed to analyze the merits of Appellant's discretionary aspects challenge.

"Sentencing is a matter vested in the sound discretion of the [trial court], and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Barnes, 167 A.3d 110, 122 (Pa. Super. 2017) (en banc) (citation omitted). Pursuant to statute, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b), however, the record as a whole must reflect due consideration by the court of the statutory considerations at the time of sentencing." Commonwealth v. Bullock, 170 A.3d 1109, 1126 (Pa. Super. 2017), appeal denied, 184 A.3d 944 (Pa. 2018) (cleaned up). Moreover, when a trial court reviews a presentence investigation report prior to imposing a sentence, "we can assume the trial court was aware of the relevant information regarding the defendant's character and weighed those

considerations along with mitigating statutory factors." Radecki, 180 A.3d at 471 (cleaned up).

When sentencing a defendant, the trial court is required to consider the sentencing guidelines. Commonwealth v. Melvin, 172 A.3d 14, 21 (Pa. Super. 2017) (citation omitted). Because the trial court sentenced Appellant within the sentencing guidelines, he is only entitled to relief on his discretionary aspects claim if "the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2).

Appellant contends that the trial court did not meaningfully consider the section 9721(b) factors and did not offer specific reasons for its harsh sentence. We disagree. The trial court did not parrot the words of the Sentencing Code; however, its explanation of the sentence indicates it considered all of the section 9721(b) factors and that it offered specific reasons for the harsh sentence. Specifically, the trial court referenced Appellant's threat to the community while he was being supervised by the judicial system, i.e., the need to protect the public. N.T., 8/8/17, at 6-7. Second, the trial court noted the serious nature of the offenses, i.e., the gravity of the offense as it relates to the victim and the community. See id. Finally, the trial court found that Appellant was incapable of rehabilitation, i.e., the rehabilitative needs of the defendant. See id.

Although the trial court did not use the Sentencing Code's terminology, the record reflects that it meaningfully considered all of the relevant section

9721(b) factors and offered specific reasons for its sentence. Hence, this case is distinguishable from Commonwealth v. Coulverson, 34 A.3d 135 (Pa. Super. 2011), the case relied on by Appellant. In that case, the trial court did not give meaningful consideration to the section 9721(b) factors and failed to offer specific reasons for its harsh sentence. Moreover, in Coulverson the trial court sentenced the defendant to a maximum period of incarceration two and one-half times that required by statute given the minimum sentence. Cf. 42 Pa.C.S.A. § 9756(b)(1) (minimum sentence must be no more than one-half the maximum sentence). In this case, the trial court sentenced Appellant to a maximum term of imprisonment that was the least required by statute given the minimum sentence of 35 years' imprisonment.

A sentence of 35 to 70 years' imprisonment "fits" Appellant's circumstances. See Appellant's Brief at 43. He was in a position of trust – babysitting for Victim. He abused that trust by sexually assaulting Victim while she played video games. When she retreated to the bedroom, he followed her and convinced her to open the door. He then viciously raped an 11-year-old child.

Appellant's history indicates that he is not a good candidate for rehabilitation. He continued his criminal activity after being released from both state and county incarceration and had trouble complying with the terms of his supervision. Considering all of these factors, we are unable to hold that a sentence of 35 to 70 years' imprisonment was "clearly unreasonable." 42

Pa.C.S.A. § 9781(c)(2). Hence, Appellant is not entitled to relief on his discretionary aspects challenge.

Judgment of sentence affirmed.

McLaughlin, J., joins.

Strassburger, J., files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2018