J-S17015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEONARDO SANTANA-MORALES | : | |
| | : | |
| Appellant | : | No. 1418 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001404-2018

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:            **FILED: APRIL 14, 2020**

Leonardo Santana-Morales appeals from the judgment of sentence entered March 20, 2019, in the Lebanon County Court of Common Pleas, made final by the denial of post-sentence motions on July 23, 2019. On February 28, 2019, a jury convicted Santana-Morales of theft by unlawful taking or disposition – movable property (firearm).[1] On appeal, Santana-Morales raises sufficiency and weight claims. For the reasons below, we affirm the judgment of sentence.[2]

---

[1] *See* 18 Pa.C.S.A. § 3921(a).

[2]  We note the Commonwealth has not filed a responsive brief in this matter.

Santana-Morales' conviction stems from the theft of a firearm at a pizzeria on August 28, 2018. The trial court set forth the factual history as follows:

Francisco Sandoval (hereafter Sandoval) is the owner of Bella's Pizza shop located at 701 Lehman Street, in the city of Lebanon. At one time, Sandoval employed [Santana-Morales] at Bella's Pizza Shop. [Santana-Morales] was not a regular employee and was only paid in cash for the days he worked. Sandoval stated that [Santana-Morales] worked at Bella's Pizza Shop on August 28, 2018.

As of August 28, 2018, Sandoval kept a Smith & Wesson 1911 handgun at the pizza shop for self-defense. The handgun was kept in an unlocked box in the pizza shop's backroom, which is accessible to the pizza shop employees. Sandoval left the firearm in the backroom of the pizza shop on August 28, 2018, prior to leaving the pizza shop. When Sandoval returned to the pizza shop later that day, the firearm and [Santana-Morales] were missing. Sandoval called the Lebanon City Police Department to report the missing firearm.

Juan Alvarado (hereafter Alvarado) also worked at Bella's Pizza Shop on August 28, 2018. Alvarado confirmed [Santana-Morales] was not a regular employee at Bella's Pizza, but was working on August 28, 2018. Alvarado stated that [Santana-Morales] was at the pizza shop for a brief period of time on August 28, 2018. [Santana-Morales] then disappeared and never returned to the pizza shop. Alvarado stated that when Sandoval returned to the pizza shop, Sandoval realized the firearm was missing and called the police. Alvarado stated that he did not take the firearm.

Francisco Infante (hereafter Infante) also worked at Bella's Pizza Shop on August 28, 2019. Infante corroborated that [Santana-Morales] was working at the pizza shop on August 28, 2018 for a brief period of time and that [Santana-Morales] left and did not return. Infante confirmed that when Sandoval returned to the shop, Sandoval realized the firearm was missing. Infante stated he did not take the gun.

Lebanon City Police Department Officer Frank Betancourt (hereafter Betancourt) received a report of a stolen handgun at Bella's Pizza Shop on August 28, 2018. Betancourt met with Sandoval, Alvarado and Infante at the pizza shop. Betancourt confirmed that all three men told him that [Santana-Morales] worked at Bella's Pizza for a brief period of time on August 28, 2018, went for a smoke break and never came back to the pizza shop. Betancourt referred the case to the Lebanon City Police Department's Detective Division.

Lebanon City Detective William Walton (hereafter Walton) responded to Betancourt's report of a stolen handgun at Bella's Pizza Shop on August 28, 2018. Walton spoke with Sandoval, Alvarado and Infante who all confirmed the information related above. Sandoval also told Walton that August 28, 2018 was [Santana-Morales'] first day of work in quite a while.

Walton took a description of the stolen firearm and stated that it was a Smith & Wesson 1911 style .45 caliber handgun. Walton viewed the pizza shop's surveillance tape from August 28, 2018. Walton noted that [Santana-Morales] could be seen leaving the pizza shop with a "slight bulge" in his hip area or waistband area. The "bulge" appeared after [Santana-Morales] entered the back room of Bella's Pizza, where Sandoval's firearm was stored. Walton noted that the surveillance video confirmed that [Santana-Morales] never returned to Bella's Pizza on the day of the incident.

Walton interviewed [Santana-Morales] regarding the August 28, 2018 incident. Walton stated that [Santana-Morales] acknowledged that he worked for Bella's Pizza Shop on August 28, 2018 and that he was aware that a gun was stolen. During the interview with Walton, [Santana-Morales] acknowledged that he never returned to the pizza shop that day and was not paid for working that day. Also during the interview with Walton, [Santana-Morales] acknowledged his heroin addiction. He stated that as of August 28, he owed money to someone for drugs. [Santana-Morales] told Walton that "he got to pay for it" with regard to Walton's question about the missing firearm.

Trial Court Opinion, 7/23/2019, at 2-5 (record citations omitted and some capitalization removed).

Santana-Morales was subsequently charged with theft by unlawful taking. A one-day jury trial took place on January 28, 2019. As noted above, the jury found Santana-Morales guilty of theft. On March 20, 2019, the court sentenced Santana-Morales to a term of 27 months to 6 years' incarceration. Santana-Morales filed post-sentence motions, which the court denied on July 23, 2019. This timely appeal followed.[3]

In Santana-Morales' first argument, he asserts there was insufficient evidence to support his theft conviction because the Commonwealth failed to prove that he stole the firearm. *See* Appellant's Brief, at 9. Santana-Morales concisely states:

> At trial, no one testified they saw [him] take the firearm. The firearm was never recovered. The video surveillance did not show that [he] had possession of the firearm when he left Bell[a]'s Pizza. Finally, when [he] was interviewed by law enforcement[, …] he never stated that he stole nor possessed the firearm.

*Id.*, at 10.

We begin with our well-settled standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

_____

[3] On August 28, 2019, the trial court ordered Santana-Morales to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Santana-Morales filed a concise statement on September 17, 2019. The trial court issued an order adopting its July 23, 2019 opinion, which addressed Santana-Morales's post-sentence motions.

the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Brown***, 186 A.3d 985, 990-991 (Pa. Super. 2018) (citation omitted).

A person is guilty of theft by unlawful taking or disposition of movable property if he "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). As defined, "property of another" includes "property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property[.]" 18 Pa.C.S.A. § 3901.

In finding there was sufficient evidence to support Santana-Morales' theft conviction, the trial court relied on the following: (1) Sandoval kept the firearm in a storage room at the pizzeria for self-defense purposes; (2) the firearm was present early on August 28, 2018 but by the end of that day, it was missing; (3) Santana-Morales was an employee at the pizzeria on the day in question, and knew where Sandoval kept the firearm; (4) Santana-Morales abruptly left work on August 28th without advising his co-workers and never

returned; (5) surveillance video showed Santana-Morales at the pizza shop without a bulge in his waistband but as he left the shop, there was a bulge in his waistband area; (6) no other employee at the business possessed the firearm, and all employees verified that no other individual entered the store either surreptitiously or forcibly; and (7) Santana-Morales admitted to police he was addicted to heroin and that he owed a drug dealer money as of August 28th. **See** Trial Court Opinion, 7/23/2019, at 8. The court concluded there was a fair inference" that Santana-Morales "was the only person in position to take possession of the firearm," and his debt to the drug dealer afforded him a motive to commit the theft. **Id**.

Notwithstanding the lack of any witness observing Santana-Morales take the handgun or proof of its recovery, our review of the entire record, in the light most favorable to the Commonwealth as the verdict winner, and drawing all reasonable inferences therefrom, reveals no error in the court's disposition. While a considerable amount of the evidence of demonstrating Santana-Morales' possession was circumstantial, we reiterate that the "Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Brown**, 186 A.3d at 990-991.

Here, the circumstantial evidence supported the Commonwealth's theory that Santana-Morales unlawfully possessed Sandoval's handgun with

intent to deprive him thereof,[4] including: (1) Sandoval placed the gun in a box in the back room of the pizza shop prior to Santana-Morales arriving at work on the day in question; (2) Santana-Morales told the other employees he was going to take a smoke break and then never returned; (3) video surveillance showed Santana-Morales leaving the business with a slight bulge on his right hip/waistband area; (4) the other employees denied taking the gun; (5) when Sandoval returned approximately two hours later and learned that Santana-Morales had left, he immediately went to the box that contained the gun and noticed it was missing; and (6) Santana-Morales admitted to Detective Walton that he had a drug problem, he purchased drugs on the day the gun went missing, and he needed to pay off a debt to his supplier. **See** generally N.T., 2/28, 2019, at 5-103.

Furthermore, to the extent Santana-Morales relies on his own statement to police that he did not steal or possess the firearm, such an assertion is a credibility determination which goes to the weight of the evidence, not sufficiency, and is for the fact-finder to decide. Accordingly, Santana-Morales' sufficiency claim fails.

In his second argument, Santana-Morales challenges the weight of the evidence supporting his conviction.[5] He complains that the jury gave "too

---

[4] **See** 18 Pa.C.S.A. § 3921(a).
[5] Santana-Morales properly preserved his weight challenge in his post-sentence motion. **See** Pa.R.Crim.P. 607(A)(3); Defendant's Consolidated Post Sentence Motions, 4/1/2019, at 4.

great a weight to the testimony of the Commonwealth's witnesses" that Santana-Morales stole the firearm. Appellant's Brief, at 10 (emphasis removed). Rather, he states the jury "should have given greater weight to Santana-Morales['] statements to law enforcement that he did not steal the firearm." *Id.*, at 11.

Our standard of review is as follows:

When reviewing a challenge to the weight of the evidence, we review the trial court's exercise of discretion. A reversal of a verdict is not necessary unless it is so contrary to the evidence as to shock one's sense of justice. The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. The fact-finder also has the responsibility of resolving contradictory testimony and questions of credibility. We give great deference to the trial court's decision regarding a weight of the evidence claim because it had the opportunity to hear and see the evidence presented.

*Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa. Super. 2019) (citations and quotation marks omitted).

One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered.... The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where

the record shows that the action is a result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (internal citations omitted).

In addressing this claim, the trial court found the evidence was "so strong that the jury's verdict of guilty [did] not shock [its] conscience." Trial Court Opinion, 7/23/2019, at 9. We cannot conclude this was an abuse of the trial court's discretion. Santana-Morales is asking this Court to reweigh the evidence, and view it in his favor because he believes the jury should have given greater weight to his statements to police than the testimony of the Commonwealth's witnesses. We decline to do so. **See Commonwealth v. Olsen**, 82 A.3d 1041, 1049 (Pa. Super. 2013) ("The fact-finder is free to believe all, part, or none of the evidence; an appellate court will not make its own assessment of the credibility of the evidence."). Moreover, he fails to explain how the trial court abused its discretion in denying his weight claim. Santana-Morales provides us with no basis upon which to disagree. Consequently, his weight claim fails.

Accordingly, because both of Santana-Morales' arguments are without merit, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/14/2020</u>