J-S36015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMAN JACKSON | : | |
| | : | |
| Appellant | : | No. 2052 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 9, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005467-2019

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 19, 2023**

Norman Jackson appeals from the judgment of sentence of three to six years of imprisonment, followed by two years of probation, resulting from his convictions for strangulation, recklessly endangering another person ("REAP"), and simple assault. We affirm.

The relevant facts are as follows:

On or about May 12, 2019, [Appellant] damaged the door and forced his way into the home of P.K., [Appellant's] former girlfriend and mother of his minor child. Upon entering the home, [Appellant] grabbed P.K. by her neck, pushed her to the ground, and kicked her in the head and back repeatedly about twenty times. [Appellant also] punched P.K. as he kicked her in the back and head. As [Appellant] attacked P.K., he yelled that he was "going to kill her." When [Appellant] allowed P.K. to get up, he forcefully escorted her upstairs by firmly holding her by her neck. During this time, P.K. was unable to breathe due to [Appellant's] grip around her neck. [Appellant] then instructed her to get a knife. Once P.K. obtained the knife, [Appellant] ordered her to stab him[,] which she refused. [Appellant] then grabbed P.K. by her neck again and threw her to the floor at which time he

resumed kicking her in the head and back. As a result of the attack, P.K. suffered head trauma, facial swelling, a knee injury and facial bleeding. The attack on P.K. by [Appellant] continued until P.K.'s mother and two children arrived at which time [Appellant] fled.

[Prior to trial, the] Commonwealth sought to admit the following specific incidents of alleged abuse as other acts evidence admissible under Pa.R.E. 404(b). First, P.K. alleged that on or about April 27, 2012, [Appellant] repeatedly kicked and punched P.K. while she was holding their baby daughter, striking both P.K. and the child. P.K. contacted the police and made a report of the assault. Second, on or about March 3, 2013, P.K. attempted to remove [Appellant] from her home to no avail. When [Appellant] persistently refused to leave, P.K. sprayed mace in [his] face. After washing his face, [Appellant] became very angry and threw P.K. to the ground, picked her up to throw her down again and then dragged her across the floor. P.K. contacted the police following this incident, but [Appellant] was never charged with this alleged assault. Third, P.K. alleged [Appellant] pushed P.K. to the ground and hit her numerous times with a closed fist on or about March 10, 2013. The Philadelphia Police Department was again contacted and made a report of the domestic assault. During one of the listed prior assaults, P.K. was hospitalized with a fractured skull.

Trial Court Opinion, 1/27/23, at 1-3 (cleaned up).

The trial court permitted the inclusion of the evidence highlighting the previous abuse, "as it goes to the nature of the relationship and the history of the case." N.T. Motion Hearing, 2/12/20, at 12. Appellant proceeded to a bench trial, where he was convicted of the above offenses and sentenced as hereinabove indicated. This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises one issue for our review:

Did not the lower court err and abuse its discretion when it allowed the Commonwealth to present evidence of other acts by Appellant, where the evidence was stale and primarily used to show a

propensity for violence towards the complainant and where the prejudicial effect of such evidence far outweighed any probative value?

Appellant's brief at 4 (cleaned up).

The sole question proffered by Appellant challenges the admissibility of evidence. Our standard of review in such cases is well-settled:

> The trial court has discretion over the admissibility of evidence, and we will not disturb such rulings on appeal absent evidence the court abused its discretion. An abuse of discretion is not a mere error in judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised [is] manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of the record.

*Commonwealth v. Akhmedov*, 216 A.3d 307, 316 (Pa.Super. 2019) (cleaned up).

Appellant asserts that the trial court erred in admitting evidence of other bad acts, *i.e.*, his previous assaults of P.K., because the evidence was primarily used to show a propensity for violence. *See* Appellant's brief at 13. Under Pa.R.E. 404(b)(1), evidence of "other crimes, wrongs, or other acts" is inadmissible to demonstrate a defendant's criminal propensity. Pa.R.E. 404(b)(1); *see also Commonwealth v. Hairston*, 84 A.3d 657, 665 (Pa. 2014) (observing that evidence under Rule 404(b)(1) is "inadmissible solely to show a defendant's bad character or propensity for committing criminal acts."). Evidence of prior bad acts is admissible when used for another purpose, such as demonstrating "motive, opportunity, intent, preparation,

plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

Our courts also recognize a *res gestae* exception for prior bad acts evidence, which permits "the admission of evidence of other crimes or bad acts to tell the complete story [of the case]." **Hairston**, **supra** at 665. Under *res gestae*, evidence of distinct previous bad acts may be proper where it is "part of the history or natural development of the case[.]" **Commonwealth v. Brown**, 52 A.3d 320, 326 (Pa.Super. 2012). The purpose of the exception is to ensure that "the case presented . . . [does] not appear in a vacuum." **Commonwealth v. Dillon**, 925 A.2d 131, 139 (Pa. 2007).

Whether the evidence is admissible pursuant to Rule 404(b)(2) or the *res gestae* exception, such evidence is subject to the limitations of Pa.R.E. 403, and may therefore be admitted "only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2); **see also Brown**, **supra** at 326. In conducting this analysis, a reviewing court will weigh certain factors, including "the strength of the other crimes evidence, the similarities between the crimes, the time lapse between crimes, the need for the other crimes evidence, the efficacy of alternative proof of the charged crime, and the degree to which the evidence probably will rouse the jury to overmastering hostility." **Id**. at 325 (cleaned up).

Appellant argues that the other bad acts evidence is inadmissible because the instances of Appellant's prior abuse of P.K. were unconnected to

the instant case and were too remote in time to be admitted. **See** Appellant's brief at 22, 26-27. The Commonwealth asserts that the earlier assaults were admissible because they were pertinent to "the natural development of the facts of the case" and "the history of the case." Commonwealth's brief at 9 (cleaned up). The trial court agreed, opining that the past instances of abuse by Appellant were admissible to portray the history of the relationship between Appellant and P.K. that led to the events in this case. **See** Trial Court Opinion, 1/27/23, at 8-9.

Upon review, we conclude that the trial court did not abuse its discretion in admitting this evidence. We have held that "[e]vidence of prior abuse between a defendant and an abused victim is generally admissible to establish motive, intent, malice, or ill-will." **Commonwealth v. Ivy**, 146 A.3d 241, 252 (Pa.Super. 2016); **see also Commonwealth v. Drumheller**, 808 A.2d 893, 906 (Pa. 2002) (concluding that prior bad acts evidence of domestic abuse was admissible "to demonstrate the chain or sequence of events that formed the history of the case."). Critically, Appellant's earlier attacks on P.K. were not introduced to show Appellant's propensity for violent and abusive behavior. To the contrary, the prior domestic assaults provided insight into the history of Appellant's relationship with P.K., illustrating his longstanding ill-will and malice toward her as motivation for the charged conduct. **See Ivy**, **supra** at 252.

Plainly, despite Appellant's contentions that the previous attacks were so dissimilar that they were inadmissible, the introduction of the prior assaults was an important means of outlining the context, history, and development of Appellant's hostility toward the victim that culminated in the serious incident of abuse in the instant case. Phrased differently, "[t]he challenged evidence shows the chain or sequence of events which formed the history of the case, is part of the natural development of the case, and demonstrates Appellant's malice and ill-will toward the victim."[1] ***Commonwealth v. Ganjeh***, 300 A.3d 1082, 1091 (Pa.Super. 2023).

Moreover, the other bad acts were not so unduly prejudicial as to divert the trial court's attention "away from its duty of weighing the evidence impartially." ***Id***. Significantly, the testimony of the victim regarding these incidents was not of the character that "tended to convict the appellant only by showing his propensity to commit crimes." ***Commonwealth v. Brown***, 186 A.3d 985, 993 (Pa.Super. 2018) (cleaned up). Rather, as indicated above, it illuminated Appellant's past relationship with the victim and provided important context about the case at bar. Accordingly, we discern no abuse of discretion on the part of the trial court in permitting this evidence to be introduced.

---

[1] Further, concerning Appellant's argument that the evidence was too remote in time to be considered, we note the well-established principle that "there is no specific timeframe that dictates the applicability of the [*res gestae*] exception." ***Commonwealth v. Green***, 76 A.3d 575, 584 (Pa.Super. 2013).

For all of the foregoing reasons, Appellant is not entitled to relief on this claim, and we have no cause to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023