J-A12002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DAMERJIAN | : | |
| | : | |
| Appellant | : | No. 2055 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 13, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-SA-0000675-2022

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 21, 2023**

Appellant, Robert Damerjian, appeals from the judgment of sentence entered July 13, 2022. We affirm.

The facts and procedural history of this case is as follows. On May 21, 2020, uniformed Officer Joseph Mason of the Philadelphia Police Department was on bicycle patrol at the intersection of Rising Sun Avenue and East Cheltenham Avenue in Philadelphia, Pennsylvania. N.T. Trial, 7/13/22, at 6. At approximately 3:20 p.m., Officer Mason observed the traffic "light for Rising Sun and [East] Cheltenham southbound [] turn[] red." **Id.** Officer Mason then observed a white Ford F-150 travel through the red light and eventually stop "about [20] feet beyond the intersection" due to traffic. **Id.** Officer Mason approached the Ford F-150 and asked the driver to pull over. **Id.** The driver responded: "I [am] sorry, no. I can [not]. … Yeah, I [am] not stopping. You can [not] catch me. You [are] on a fucking bicycle." **Id.** "At that point,

[the driver maneuvered the Ford F-150] to the right of the traffic lane [into] a bicycle and parking lane" and continued southbound where he "disregarded [another] traffic light . . . nearly striking two cars." *Id.* at 6-7. Before the Ford F-150 drove away, Officer Mason observed its "tag," *i.e.*, the Ford F-150's license plate number. *Id.* at 6. Later that day, Officer Mason went back to the police station and "ran [the] tag through the [police] system." *Id.* at 7. The search revealed that Appellant owned the Ford F-150. *Id.* Upon obtaining Appellant's name, Officer Mason conducted a subsequent search for Appellant's driver's license, which revealed a photograph of Appellant and allowed Officer Mason to identify Appellant as the driver of the white Ford F-150. *Id.* Accordingly, Officer Mason issued Appellant a citation for violating 75 Pa.C.S.A. § 3736(a), reckless driving, and 75 Pa.C.S.A. § 3102(1), obedience to authorized person directing traffic.

On June 3, 2022, Appellant was tried in the Traffic Division of the Philadelphia Municipal Court and found guilty of violating Sections 3736(a) and 3102(1) of the Motor Vehicle Code ("MVC"). That day, Appellant appealed his summary conviction to the Philadelphia County Court of Common Pleas. A summary appeal hearing was held on July 13, 2022, after which the trial court also found Appellant guilty of violating Sections 3736(a) and 3102(1) of the MVC and ordered Appellant to pay a fine of $449.00. This timely appeal followed.

Appellant raises the following issues on appeal:

- 2 -

1. [Whether the Commonwealth failed to present sufficient evidence to sustain Appellant's summary convictions for violating Sections 3736(a) and 3102(1) of the MVC?]

2. [Whether Appellant's summary convictions were against the weight of the evidence?]

***See generally*** Appellant's Brief at 5.

In this instance, Appellant challenges both the sufficiency and weight of the evidence. Before we address the merits of Appellant's claims, we must determine whether he properly preserved these issues for our review. First, we address whether Appellant waived his claim regarding the sufficiency of the evidence. We previously explained:

> [i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's [Rule] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. ... Therefore, when an appellant's 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient[,] . . . the sufficiency issue is waived on appeal.

***Commonwealth v. Rivera***, 238 A.3d 482, 496 (Pa. Super. 2020), *quoting*

***Commonwealth v. Ellison***, 213 A.3d 312, 320-321 (Pa. Super. 2019).

"Such specificity is of particular importance in cases where[] the appellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt."

***Commonwealth v. Brown***, 186 A.3d 985, 990 (Pa. Super. 2018) (citation and quotation marks omitted).

Appellant was convicted of violating Sections 3736(a) and 3102(1) of the MVC. In his 1925(b) statement, Appellant set forth the following claims of error:

a. The evidence was insufficient to support the verdict on the charges when the overwhelming evidence showed that [Appellant] was not the one driving the vehicle at the time of the traffic stop, including but not limited to, an independent witness, detailed timing and map evidence, and time-stamped [photographs]. The [trial court] disregarded all of this *alibi* evidence and ruled solely based upon the bicycle police officer's problematic identification in [c]ourt.

b. The evidence at trial did not support a guilty verdict for 75 Pa.C.S.A. § 3736, reckless driving.

c. The evidence at trial did not support a guilty verdict for 75 Pa.C.S.A. § 3102, obedience to authorized persons directing traffic.

Appellant's 1925(b) Statement, 9/21/22, at *1-*2 (unpaginated). A fair reading of Appellant's 1925(b) statement reveals that, because Appellant did not specifically challenge a statutory element of his summary convictions, the crux of his sufficiency claim is his belief that the Commonwealth failed to present sufficient evidence to support a finding that he was the operator of the Ford F-150. We therefore conclude that Appellant "sufficiently identif[ied] the error that [he] intend[s] to challenge on appeal." ***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015). Accordingly, we decline to find waiver based on a failure of issue preservation and will address the merits of Appellant's sufficiency claim.

Next, we address whether Appellant waived his argument regarding the weight of the evidence. This Court has stated:

> [a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion.

*Riviera*, 238 A.3d at 497 (citations omitted). In a summary appeal following a trial *de novo*, however, post-sentence motions are prohibited. **See** Pa.R.Crim.P. 720(D) (stating that "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas"). In cases where we have considered waiver of a challenge to the weight of the evidence following conviction at a trial *de novo*, we have adopted the following approach to issue preservation:

> Ordinarily, a challenge to the weight of the evidence is waived unless it is presented in the first instance to the trial court. Preservation of this type of claim normally takes the form of a post-sentence motion. However, a defendant convicted of a summary offense is precluded from filing any post-sentence motions. Thus, [A]ppellant had no opportunity to preserve his weight of the evidence argument prior to filing his statement of errors complained of on appeal. It would be unjust to deprive appellant of the right to raise this issue on the grounds that he failed to file a motion he was not entitled to file. We note, moreover, that the trial judge explicitly addressed credibility and weight of the evidence at the close of appellant's trial, and in his [] opinion. Because [A]ppellant's challenge to the weight of the evidence has been considered in the first instance by the trial court, we decline to find waiver.

*Commonwealth v. Dougherty*, 679 A.2d 779, 784-785 (Pa. Super. 1994) (case and record citations omitted).

- 5 -

As we shall make clear below, the trial court addressed Appellant's weight claim, including the credibility of the testifying witnesses, on the record at the conclusion of Appellant's trial *de novo*. We are satisfied that the court's analysis permits appellate review of Appellant's weight claim consistent with Pennsylvania law[1] and, therefore, that the claim withstands waiver.

We turn now to the merits of Appellant's appeal. In his first issue, Appellant argues that the Commonwealth presented insufficient evidence to sustain his summary convictions for violating Sections 3736(a) and 3102(1) of the MVC. The crux of Appellant's claim is that Officer Mason's testimony, alone, failed to sufficiently establish that he was, in fact, the driver of the Ford F-150. Appellant's claim lacks merit.

Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of

---

[1] Under Pennsylvania law, a challenge to the weight of the evidence must be raised in the first instance with the trial court, or it is waived, since appellate review of a weight claim is limited to a review of the trial judge's exercise of discretion. *See* Pa.R.Crim.P. 607 cmt.

proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Lambert***, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002)

(citations omitted).

Section 3736 of the MVC states:

Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

75 Pa.C.S.A. § 3736(a). To sustain a conviction for reckless driving, the

Commonwealth must show that

Appellant drove in such a manner that there existed a substantial risk that injury would result from his driving, *i.e.*, a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving.

***Commonwealth v. Greenberg***, 885 A.2d 1025, 1027–28 (Pa. Super. 2005),

*quoting* ***Commonwealth v. Bullick***, 830 A.2d 998, 1003 (Pa. Super. 2003).

In addition, Section 3102 of the MVC provides, in relevant part, as

follows:

No person shall willfully fail or refuse to comply with any lawful order or direction of:

(1)     any uniformed police officer, sheriff or constable or, in an emergency, a railroad or street railway police officer[.]

75 Pa.C.S.A. § 3102(a).

At trial, Officer Mason testified that, during his bicycle patrol on May 21, 2020, he witnessed the Ford F-150 travel through a red light at the intersection of Rising Sun Avenue and East Cheltenham Avenue. N.T. Trial, 7/13/22, at 6. Officer Mason then explained that, while in full uniform, he requested the driver of the Ford F-150 to pull over by way of the vehicle's open window, and the driver responded: "I [am] sorry, no. I can [not]. … Yeah, I [am] not stopping. You can [not] catch me. You [are] on a fucking bicycle." *Id.* Thereafter, Officer Mason testified that he obtained the license plate number on the Ford F-150 before the driver maneuvered the vehicle into a bicycle and parking lane, accelerated, and drove through another traffic light, nearly striking two cars. *Id.* at 6-7. After this interaction, Officer Mason went to the police station, entered the license plate number into a police database, and learned that Appellant owned the F-150. *Id.* at 7. A subsequent search revealed Appellant's driver's license, which allowed Officer Mason to identify Appellant as the driver of the Ford F-150 from his photograph. *Id.* Officer Mason also identified Appellant as the driver of the Ford F-150 during trial. *Id.* at 10.

Upon review, we conclude that Officer Mason's testimony was sufficient to prove that Appellant was the driver of the white Ford F-150 on May 21, 2020. Officer Mason witnessed the Ford F-150 travel through the red light and engaged in conversation with the driver of the Ford F-150 through the vehicle's open window. Moreover, on the day of the incident, Officer Mason

searched the police database for the Ford F-150's license plate number and this search confirmed that Appellant owned the Ford F-150. Officer Mason's database search also uncovered Appellant's driver's license photograph, which matched Officer Mason's recollection of the driver of the Ford F-150. Finally, Officer Mason unequivocally identified Appellant as the driver of the Ford F-150 during his testimony. Hence, Officer Mason's testimony established that Appellant, the driver of the Ford F-150, drove through a red traffic light and then, in disregard of Officer Mason's command, drove into a bicycle and parking lane, and accelerated away ignoring another traffic light, nearly striking two other vehicles. Therefore, we conclude the Commonwealth presented sufficient evidence to sustain Appellant's summary convictions for violating Sections 3736(a) and 3102(1) of the MVC.

In his second issue, Appellant claims that the trial court's verdict was against the weight of the evidence presented. This Court's standard and scope of review is as follows:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial [court] had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial [court] when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Horne***, 89 A.3d 277, 285 (Pa. Super. 2014), *citing*

***Commonwealth v. Widmer***, 744 A.2d 745 (Pa. 2000).  A trial court abuses

its discretion "where the course pursued represents not merely an error of

judgment, but where the judgment is manifestly unreasonable or where the

law is not applied or where the record shows that the action is a result of

partiality, prejudice, bias[,] or ill-will."  ***Horne***, 89 A.3d at 285-286 (citation

omitted); ***see also Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013)

(stating, "[t]he term 'discretion' imports the exercise of judgment, wisdom[,]

and skill so as to reach a dispassionate conclusion within the framework of the

law, and is not exercised for the purpose of giving effect to the will of the [trial

court]").  To prevail on a weight of the evidence claim, Appellant must show

that "the evidence [is] so tenuous, vague[,] and uncertain that the verdict

shocks the conscience of the [trial] court."  ***Commonwealth v. Sullivan***, 820

A.2d 795, 806 (Pa. Super. 2003) (citation and internal quotation marks

omitted), *appeal denied*, 833 A.2d 143 (Pa. 2003).

> When the challenge to the weight of the evidence is predicated
> on the credibility of trial testimony, our review of the trial
> court's decision is extremely limited.  Generally, unless the
> evidence is so unreliable [or] contradictory as to make any
> verdict based thereon pure conjecture, these types of claims
> are not cognizable on appellate review.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012), *appeal*

*denied*, 64 A.3d 630 (Pa. 2013).

Here, Appellant argues that, because the "evidence presented at trial

overwhelmingly show[ed] that [Officer Mason's] identification was

problematic," his summary convictions for violating Sections 3736(a) and 3102(1) of the MVC are against the weight of the evidence. Appellant's Brief at 19. In addition, Appellant cites to the evidence he presented during trial, which he claims demonstrated that he was not the driver of the Ford F-150. *Id.* at 19-21. In particular, Appellant claims that the photographs he allegedly took at a job site at 3:44 p.m., as well as a photograph of a GPS map indicating that the job site was a 28-minute drive from the intersection at Rising Sun Avenue and East Cheltenham Avenue, prove it was virtually impossible for him to have been the driver of the Ford F-150 at the relevant time. *Id.* at 20. Appellant also argues that an "independent witness," Armand Lalwani, testified that on May 21, 2020, Appellant picked him up in Center City Philadelphia at 3:30 p.m. in a red pick-up truck and that such testimony constituted "overwhelming evidence" proving Appellant was not the driver of the Ford F-150. *Id.*

At the conclusion of trial, however, the trial court indicated that witness credibility was critical to its determination that Appellant was guilty of violating Sections 3736(a) and 3102(1) of the MVC. Indeed, the court made the following statement:

> **The [trial c]ourt:** … You [are] saying you have an *alibi*. You were somewhere else. So that [is] your defense. Anything else?
>
> **[Appellant]:** That [is] all, Your Honor.
>
> **The [trial c]ourt:** All right. The problem I have here is that [Officer Mason] is really super, super credible. Really credible. He looked in your face and says it [is] you. And that I believe.

- 11 -

Okay? That [is] where I [am] sitting on it. So[,] I find you guilty [of b]oth [offenses].

N.T. Trial, 7/13/22, at 32-33. Then, in its 1925(a) opinion, the trial court stated:

Counsel presumes to be privy to the [c]ourt's thought process and would have this Honorable Court substitute [its] opinion for the [trial c]ourt's careful weighing of the evidence and credibility assessments of the live witnesses appearing before it at trial.

Appellant, in [his] [s]tatement of [i]ssus [c]omplained of on [a]ppeal, set forth no alleged error, instead, proffering what is essentially a difference of opinion.

The trial [j]udge enjoys a wide latitude as the finder of fact and arbiter of credibility of witnesses appearing before it.

\*\*\*

At trial, the [c]ourt found [Officer Mason's] identification of [Appellant] to be competent and credible.

Trial Court Opinion, 11/17/22, at 1. Hence, Appellant's weight claim invites this Court to do nothing more than reassess the witnesses' credibility and reweigh the evidence in a light more closely aligned with Appellant's version of events than the one reached by the trial court, as fact-finder. We decline Appellant's invitation since the fact-finder, while passing on the credibility of the witnesses and weight of the evidence, is free to believe all, part, or none of the evidence. *Commonwealth v. Dunkins*, 229 A.3d 622, 631 (Pa. Super. 2020), *aff'd*, 263 A.3d 247 (Pa. 2021), *cert. denied*, 142 S.Ct. 1679 (2022). Based upon our review of the record, we discern no error of law or abuse of

discretion in the trial court's determination and conclude that the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023