J-S06034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYSHA WRIGHT | : | |
| | : | |
| Appellant | : | No. 389 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 14, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010170-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED APRIL 18, 2024**

Dysha Wright ("Wright") appeals from the judgment of sentence following his conviction for one count of persons not to possess firearms.[1] We affirm.

The trial court recounted the underlying facts and procedural history as follows:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Officer Joshua Rubin [("Officer Rubin")]. Officer Rubin testified that[,] on January 30, 2021, at approximately 6:40 p.m., he and his partner, Officer Vazquez,[2] responded to a radio call for "person with a gun." As a result of the call, the officers arrived at a grocery store located at 6900 Woodland Avenue in Philadelphia. They went inside the store and encountered [Wright], who was standing in the back aisle of the store. Officer Rubin walked to the end of the aisle and, from a shelf located precisely where [Wright] was standing, recovered a

---

[1] 18 Pa.C.S.A. § 6105.

[2] Officer Vazquez's first name is not included in the certified record.

silver and black .38 caliber handgun. Officer Rubin placed the firearm on a property receipt, and [Wright] was taken into custody.

Although Officer Rubin candidly admitted that he never saw [Wright] holding the firearm, the Commonwealth played video surveillance from the store, which was introduced into evidence as Exhibit "C-1". The surveillance video showed an unknown male in all black clothing looking back shortly before police entered the store. That male alerted [Wright] that police were coming, at which point the video depicted [Wright] retrieving an object from his jacket and placing it on the shelf in the back aisle of the store. The video depicted no other persons approaching that shelf in the brief period prior to Officer Rubin's recovery of the firearm.

Finally, prior to resting, the Commonwealth introduced stipulated evidence that [Wright] had a prior conviction that prohibited him from possessing a firearm.

Trial Court Opinion, 3/17/23, at 2-3 (footnote added, record citations omitted).

The trial court convicted Wright of persons not to possess firearms. After receipt of a Pre-Sentence Investigation Report, the trial court sentenced Wright to four to ten years in prison. Wright filed a motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.[3]

Wright raises a single issue on appeal:

Was the evidence insufficient to adjudicate Wright guilty of [persons not to possess firearms]?

Wright's Brief at 4.

---

[3] Wright and the trial court complied with Pa.R.A.P. 1925.

Wright's issue implicates the sufficiency of the evidence underlying his conviction for persons not to possess firearms. *See* Wright's Brief at 8-9. Pertinently:

> [w]e review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[]finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal citations and quotation marks omitted).

The Crimes Code defines persons not to possess firearms as follows:

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).[4]

"Illegal possession of a firearm may be shown by constructive possession." *Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011). "[C]onstructive possession is a legal fiction, a pragmatic construct to

---

[4] Wright does not dispute he was statutorily ineligible to possess a firearm. *See* Wright's Brief at 8-9.

deal with the realities of criminal law enforcement." ***Commonwealth v. Johnson***, 26 A.3d 1078, 1093 (Pa. 2011) (citation omitted). "Constructive possession has been defined as the ability to exercise a conscious dominion over the [contraband]: the power to control the contraband and the intent to exercise that control." ***Commonwealth v. Macolino***, 469 A.2d 132, 134 (Pa. 1983). "Dominion and control means the defendant had the ability to reduce the item to actual possession immediately or was otherwise able to govern its use or disposition as if in physical possession." ***Commonwealth v. Peters***, 218 A.3d 1206, 1209 (Pa. 2019) (internal citation omitted). The intent to maintain a conscious dominion may be inferred from the totality of the circumstances. ***See id***. "[A]lthough mere presence at a crime scene cannot alone sustain a conviction for possession of contraband[,] a [fact finder] need not ignore presence, proximity and association when presented in conjunction with other evidence of guilt." ***Commonwealth v. Vargas***, 108 A.3d 858, 869 (Pa. Super. 2014) (internal quotation marks and citation omitted). "[A]s with any other element of a crime, constructive possession may be proven by circumstantial evidence." ***Commonwealth v. Parrish***, 191 A.3d 31, 36-37 (Pa. Super. 2018).

Wright maintains:

> The Commonwealth failed to prove that Wright possessed the firearm. He was never seen possessing the gun, and it was recovered on the shelf of a store that was open to the public with multiple other people present.

Wright's Brief at 7.

The trial court disagreed, explaining:

> The direct and circumstantial evidence, along with all reasonable inferences viewed in light most favorable to the Commonwealth, established that [Wright] constructively possessed the firearm seized in this case. Officer Rubin testified that when he entered the grocery store, he encountered [Wright], who was standing in the back aisle of the store. Officer Rubin walked over to the end of the aisle and, from a shelf located precisely where [Wright] was standing, recovered a silver and black .38 caliber handgun. While the officer acknowledged that he never saw [Wright] holding the firearm, the Commonwealth introduced video evidence depicting [Wright] retrieving an object from his jacket and placing it on the shelf -- *i.e.*, precisely where the firearm was recovered just a few moments later. Moreover, the video demonstrated that no other persons approached that area of the store prior to recovery of the firearm by Officer Rubin. All told, the above evidence and all reasonable inferences deducible therefrom, amply established that [Wright] constructively possessed the firearm. *Cf*. ***Commonwealth v. Muhammad***, [289] A.3d [1078, 1091] (Pa. Super. 2023) (evidence was sufficient to establish that defendant constructively possessed unlicensed handgun found in center console of rental vehicle he was driving, where [police] recovered handgun from center console of vehicle, right next to where defendant had been sitting, defendant was the only occupant in the car at the time of the stop, and furtive movements and awkward positioning of his body indicated that he was aware of the gun and attempting to conceal it). . . .

> Additionally, [Wright] stipulated to the fact that he had been convicted of an offense that prohibited him from possessing a firearm. Accordingly, the evidence adduced at trial clearly supported [Wright's] conviction for persons not to possess firearms.

Trial Court Opinion, 3/17/23, at 7-8 (italics added).

We affirm based on the trial court's reasoning. The trial court, sitting

as the factfinder, viewed the video of the incident, saw Officer Rubin enter the

story, and saw an unknown male signal to Wright, who removed an object from his jacket, and place it on the shelf, precisely where Officer Rubin recovered the gun a few moments later. **See id**. at 2-3, 7. This is sufficient to sustain a conviction for persons not to possess firearms. **See Commonwealth v. Brown**, 186 A.3d 985, 992 (Pa. Super. 2018) (holding evidence sufficient to prove persons not to possess firearms where defendant was a passenger in taxi cab, the driver felt defendant tugging at the jacket where the driver kept a firearm, immediately after defendant left the cab, the driver discovered the gun was missing, and the gun was later found in the possession of a relative of defendant); **Commonwealth v. Hopkins**, 2023 WL 8183707, at *4 (Pa. Super., 11/27/23) (unpublished memorandum) (holding the evidence prove persons not to possess firearms, where a police officer chasing a suspect saw the suspect throw an object from his waistband and later recovered a firearm from that location).[5]

For the reasons discussed above, we conclude Wright's claim is lacking in merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[5] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/18/2024