J-S11043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| VICTOR ANTHONY DUONNOLO | : | |
| Appellant | : | No. 1615 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 22, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002830-2018

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED NOVEMBER 6, 2024**

Appellant, Victor Anthony Duonnolo, appeals from the judgment of sentence of 8 to 20 years' incarceration imposed on him after he was convicted of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property.[1]  Appellant's appellate counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous.  After careful review, we grant counsel's petition to withdraw and affirm.

Appellant was charged with the above offenses for burglarizing a house in Chester County, Pennsylvania on July 25, 2018, and stealing jewelry that

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(2), 3503(a)(1)(i) and (ii), 3921(a), and 3925(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

belonged to the homeowner (Victim) and her family. These charges were tried to a jury on March 14 and 15, 2022. Four witnesses testified for the Commonwealth, including Victim, State Trooper Patrick Kilgarif, who led the investigation of the burglary, and the owner of Northeast Gold and Coin, a precious metal, coin, and jewelry business where items from the burglary were sold. In addition, the Commonwealth introduced in evidence video recordings from the security system at the burglarized house, a still shot from the videos, and photographs of Appellant. Appellant did not testify or call any witnesses.

Victim testified that on July 25, 2018, she received a telephone notification from her home security system while she was at work. N.T., 3/14/22 (P.M.), at 33-36. Victim testified that because her elderly mother lived with her until her death a week before the burglary, the house had a security system that included video cameras that connected to her phone and recorded both inside and outside the house, and that when she viewed the notification on July 25, 2018, a security system camera showed a man who she did not know on the stairs inside the house. *Id.* at 34-39. Victim testified that she called the state police and returned to the house. *Id.* at 37, 40. She testified that when she arrived at the house, she waited outside while the police investigated and that when she went in, she found that a window was broken and that house was in a disheveled condition with drawers lying open. *Id.* at 40-47. Victim also testified that she gave a state trooper access to the videos from her security system cameras and identified items that the state

police recovered after the burglary as charm bracelets that belonged to her and her mother and a medical pin that belonged to her father. *Id.* at 47-53. She testified that the house was locked and the window was not broken when she went to work on July 25, 2018, and that she did not give anyone permission to go into the house or to take the charm bracelets and pin. *Id.* at 41, 44, 53.

Trooper Kilgarif testified that he responded to the report of a burglary at Victim's house on July 25, 2018, and that when he arrived, no one was inside the house. N.T., 3/14/22 (P.M.), at 64, 67-68. He testified that he met with Victim at the house, viewed the surveillance videos with her, and took still shots from the videos. *Id.* at 68-71. Trooper Kilgarif testified that Victim gave him access to her security system and that he later downloaded the videos. *Id.* at 70-72.

The outdoor surveillance video showed a silver sedan parking at the house and a man getting out and walking up to the house and around to another side of the house several times. N.T., 3/14/22 (P.M.), at 76-78; Commonwealth Ex. 17. When the man is at the side of the house near his car, he can be heard knocking on the door and ringing the doorbell, and after he walks around to the other side of the house the last time, a sound of breaking glass can be heard. Commonwealth Ex. 17. This video also showed the same man reappearing from around the side of the house carrying a pillowcase almost 25 minutes later, at approximately 12:16 p.m., getting into

the car, and driving away. N.T., 3/14/22 (P.M.), at 83-84; Commonwealth Ex. 17. The indoor surveillance video, which covered a stairway and hallway inside of the house, showed the same man in the house walking up and down the stairs and in and out of rooms carrying a pillowcase and at times crawling on the stairs during the period that he was not visible in the outdoor video. N.T., 3/14/22 (P.M.), at 79-83; Commonwealth Ex. 17.

Trooper Kilgarif testified that he found photographs of Appellant on Appellant's Facebook page that matched the appearance of the man in the surveillance video. N.T., 3/14/22 (P.M.), at 86-89. He identified the car in the surveillance video as a 2004 to 2006 model year Hyundai Elantra. *Id.* at 84. Trooper Kilgarif testified that he determined that a woman named Krystal Hewett owned a silver Hyundai Elantra sedan of that model year range and that a government database of pawnshop transactions showed that Hewett made a transaction with Northeast Gold and Coin approximately three hours after the burglary. *Id.* at 90-92, 94. He testified that Northeast Gold and Coin gave him pictures of the charm bracelets and pin that Victim identified as hers and her family's and that Northeast Gold and Coin turned those items over to him and they were returned to Victim. *Id.* at 94-98. Trooper Kilgarif also testified that Appellant was found in bed in a bedroom at Hewett's residence when a search of those premises was conducted pursuant to a warrant on August 1, 2018, a week after the burglary, and that sneakers, shorts, and a shirt that matched the shoes and clothes worn by the burglar in

the surveillance video were found in the bedroom where they found Appellant. *Id.* at 98-108.

The owner of Northeast Gold and Coin testified that a couple brought charm bracelets and a pin to him in his store on July 25, 2018, that the woman presented a driver's license identifying herself as Krystal Hewett, and that he paid her $475 for the items that they brought. N.T., 3/15/22, at 66-71, 73-74; Commonwealth Ex. 24. He further testified that the transaction occurred at 3:12 p.m. and that the man with Hewett was actively involved in the transaction and both Hewett and the man handled the jewelry, although the money was paid to Hewett because she was the person who presented identification. N.T., 3/15/22, at 69, 73-75. The owner testified that he turned the items that Hewett sold over to the Pennsylvania State Police. *Id.* at 71.

On March 15, 2022, the jury convicted Appellant of all charges. N.T., 3/15/22, at 164-65. On August 22, 2022, the trial court sentenced Appellant to 8 to 20 years' incarceration for the burglary conviction and imposed no sentence for the other convictions on the ground they merged with the burglary conviction. N.T. Sentencing at 2, 41; Sentencing Order. Following restoration of Appellant's post-sentence and appellate rights, Appellant filed a timely post-sentence motion on March 1, 2023, in which he challenged the sufficiency and weight of the evidence and sought modification of his sentence. The trial court denied Appellant's post-sentence motion on May 23, 2023, Trial Court Order, 5/23/23, and this timely appeal followed.

Appellant's appellate counsel has filed an *Anders* brief and petition to withdraw as counsel.[3]  In his *Anders* brief, appellate counsel raises the issues of sufficiency of the evidence, weight of the evidence, and whether the sentence was excessive and concludes that those issues are all frivolous. *Anders* Brief at 8, 13-20.  Appellant filed a response to counsel's petition to withdraw and *Anders* brief in which he argues the issues discussed by counsel in the *Anders* brief, asserts claims that the Commonwealth withheld evidence and that he did not receive credit for all of his pretrial incarceration, and asserts claims that his trial counsel was ineffective for failing to object to the surveillance videos, for failing to request a mental health examination, for failing to raise issues concerning ownership of the house that was burglarized, for failing to object to the racial composition of the jury,[4] and for failing to request that DNA evidence obtained from the burglary scene be tested.

_____

[3] On October 27, 2023, counsel who was originally appointed to represent Appellant in this appeal filed an *Anders* brief and petition to withdraw. Because that counsel was elected to a judgeship, this Court ordered appointment of new counsel for Appellant.  On February 15, 2024, that new counsel, after review of the record, filed a petition to withdraw and the *Anders* brief at issue here, which is substantively identical to the brief filed by Appellant's prior appellate counsel.

[4] Although Appellant characterizes this as trial court error rather than ineffective assistance of counsel, Appellant's *Pro Se* Response to *Anders* Brief at 10, it is clear from the record that no objection was made concerning the composition of the jury at trial.  N.T., 3/14/22 (P.M.), at 7-10.  Any claim in this regard is therefore necessarily a claim of ineffectiveness of counsel and we treat it as such.

Appellant's *Pro Se* Response to **Anders** Brief at 7-13. The Commonwealth has filed a brief in support of affirmance.

Before this Court can consider the merits of this appeal, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. **Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 183 (Pa. Super. 2016). To withdraw from representing a defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal is frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Commonwealth v. Tukhi**, 149 A.3d 881, 885-86 (Pa. Super. 2016); **Commonwealth v. Zeigler**, 112 A.3d 656, 659-60 (Pa. Super. 2015). An **Anders** brief must comply with all the following requirements:

> [T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009); ***see also***

***Dempster***, 187 A.3d at 270. If counsel has satisfied the above requirements,

it is then this Court's duty to conduct its own review of the trial court's

proceedings and render an independent judgment as to whether the appeal is

wholly frivolous. ***Dempster***, 187 A.3d at 271; ***Zeigler***, 112 A.3d at 659-60.

Appellate counsel states in his petition to withdraw that he has reviewed

the entire record and determined that there are no non-frivolous grounds for

the appeal. Appellate counsel has provided a copy of the ***Anders*** brief to

Appellant and advised him of his right either to retain new counsel or to

proceed *pro se* on appeal and to raise any points he deems worthy of this

Court's attention. Appellate counsel's ***Anders*** brief provides a procedural and

factual summary of the case and cites and discusses the applicable law on

which counsel bases his conclusion that there are no non-frivolous issues that

he can raise on Appellant's behalf. Appellate counsel has thus complied with

the procedural requirements for withdrawal as counsel in this appeal.

We therefore proceed to conduct an independent review to ascertain

whether the appeal is indeed wholly frivolous. This Court first considers the

issues raised by counsel in the ***Anders*** brief to determine whether they are in

fact frivolous. ***Dempster***, 187 A.3d at 272. This Court then considers the

issues raised *pro se* by Appellant in his response to the ***Anders*** brief. If the

Court finds all of those issues raised by counsel and Appellant frivolous, this

Court conducts a review of the record to ascertain if, on its face, there are

other issues of arguable merit overlooked by counsel. ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1196-97 (Pa. Super. 2018) (*en banc*); ***Dempster***, 187 A.3d at 271-72.

The standard of review that this Court applies in considering sufficiency of the evidence issues is well-settled:

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Steele***, 234 A.3d 840, 845 (Pa. Super. 2020) (quoting ***Commonwealth v. Colon-Plaza***, 136 A.3d 521 (Pa. Super. 2016)) (citations omitted, brackets in original). We conclude that claims that the evidence was insufficient to support Appellant's convictions are frivolous.

The Commonwealth was required to introduce sufficient evidence for the jury to find both the statutory elements of the crimes of which Appellant was convicted and that Appellant was a perpetrator of those crimes. ***Commonwealth v. Smyser***, 195 A.3d 912, 915 (Pa. Super. 2018); ***Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa. Super. 2010). The video evidence, Victim's testimony that a window was broken, that she did not know

the man seen in the house in the video, that the house had been locked, and that no one had permission to enter the house or take anything, and the evidence that after this break-in, other individuals had jewelry that belonged to Victim and her family that had been in the house are sufficient to prove the elements of the crimes of which Appellant was convicted. *Commonwealth v. Jacoby*, 170 A.3d 1065, 1078-79 (Pa. 2017) (evidence that defendant entered a home of a person that he did not know without permission and took an item from the home is sufficient to prove burglary); *Commonwealth v. Reed*, 216 A.3d 1114, 1121 (Pa. Super. 2019) (evidence that defendant was seen inside a building that had been locked and that a means of entry into building had been damaged was sufficient to prove criminal trespass); *Commonwealth v. Chmiel*, 639 A.2d 9, 10-12 (Pa. 1994) (evidence that defendant took items from other person's home in burglary was sufficient to prove theft by unlawful taking); *Commonwealth v. Brown*, 186 A.3d 985, 991-92 (Pa. Super. 2018) (evidence that defendant took item from other person was sufficient to prove receiving stolen property).

The evidence was also sufficient to prove that Appellant was the person who committed these crimes. Photographs of Appellant on his Facebook page and photographs taken of Appellant on the day of the search showed the same man seen in the surveillance video and one of the photographs taken of Appellant on the day of the search showed a scar or sore on his right forearm that appeared to match a scar or sore on the right forearm of the man in the

surveillance video. Commonwealth Exs. 20, 23, 37, 38; Commonwealth Exs. 17, 49. A shirt, shorts, and sneakers that matched the clothes worn by the burglar were found in a room where Appellant was staying. N.T., 3/14/22 (P.M.), at 100-03, 105-07; Commonwealth Exs. 35, 36, 40, 41, 44, 45, 46, 47; Commonwealth Ex. 17. In addition, the woman with whom Appellant was staying owned a car of the same color and model as the car that the burglar drove up to Victim's house and jewelry taken in the burglary was sold several hours later by that woman. N.T., 3/14/22 (P.M.), at 48-53, 84, 91, 94-101, 104; N.T., 3/15/22, at 66-71, 73-74; Commonwealth Exs. 17, 25, 26, 27, 28, 29.

While the Commonwealth did not test DNA obtained from the burglary and was unable to obtain fingerprints that could be analyzed, N.T., 3/14/22 (P.M.), at 108-10; N.T., 3/15/22, at 25, 36-37, the absence of DNA, fingerprint, and other forensic identification of the defendant does not make the evidence insufficient where other evidence is introduced that is sufficient to show that the defendant was the perpetrator. **Commonwealth v. Hobel**, 275 A.3d 1049, 1069-71 (Pa. Super. 2022). Here, as described above, Appellant was identifiable from the surveillance video as the man who was recorded burglarizing the house, the clothes worn by the burglar were found in the room where Appellant was staying, Appellant had access to a car that matched the appearance of the car at the scene, and shortly after the burglary, items stolen in the burglary were in the possession of the woman

- 11 -

with whom Appellant was staying. That evidence was sufficient to prove beyond a reasonable doubt that Appellant was the perpetrator of the crimes without confirmation by forensic evidence. *Id.* at 1070-71.

There is likewise no merit to the other two issues raised by appellate counsel, challenges to the weight of the evidence and to Appellant's sentence. A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict is so contrary to the evidence that it shocks the trial court's sense of justice. *Commonwealth v. Clemons*, 200 A.3d 441, 463 (Pa. 2019); *Commonwealth v. James*, 268 A.3d 461, 468 (Pa. Super. 2021); *Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. *Clemons*, 200 A.3d at 463-64; *Hobel*, 275 A.3d at 1071 n.9; *Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence ….

*Hobel*, 275 A.3d at 1071 n.9 (quoting *Delmonico*).

- 12 -

The trial court found that the jury's verdict was not against the weight of the evidence because the jury could reasonably find the Commonwealth's evidence credible and because the video evidence was very clear and showed Appellant committing the crimes. Trial Court Order, 5/23/23, at 4-5 n.1. That conclusion was not an abuse of discretion. The fact that that there was no DNA or fingerprint identification of Appellant does not make a guilty verdict against the weight of the evidence where, as here, other evidence is introduced that is sufficient to show that he was the perpetrator. *Hobel*, 275 A.3d at 1071-72.

The only possible challenge to Appellant's sentence is a challenge to the discretionary aspects of his sentence, as Appellant's sentence of 8 to 20 years' incarceration was within the statutory limits for the burglary offense of which Appellant was convicted. 18 Pa.C.S. § 3502(c); 18 Pa.C.S. § 1103(1). Challenges to the discretionary aspects of a sentence are not appealable as of right and require the following: 1) preservation of the issue in the trial court at sentencing or in a motion for reconsideration or modification of sentence; 2) inclusion in the appellant's brief of a concise statement of the reasons for allowance of appeal of the discretionary aspects of his sentence in accordance with Pa.R.A.P. 2119(f), and 3) the raising of a substantial question that the sentence is not appropriate under the Sentencing Code. *Dempster*, 187 A.3d at 272; *Antidormi*, 84 A.3d at 759.

The requirements for review of the challenge to the discretionary aspects of Appellant's sentence are satisfied here. Appellant filed a timely post-sentence motion for reconsideration of his sentence in which he argued that the sentence that the trial court imposed was unreasonable and sought modification of the sentence. Post-Sentence Motion at 2. Although appellate counsel did not include a Rule 2119(f) statement in his **Anders** brief, failure to submit a Rule 2119(f) statement does not preclude review of a discretionary aspects of sentence claim where counsel has filed an **Anders** brief. **Bynum-Hamilton**, 135 A.3d at 184; **Zeigler**, 112 A.3d at 661. A substantial question that the sentence is not appropriate under the Sentencing Code exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms of the sentencing process. **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1075 (Pa. Super. 2019); **Antidormi**, 84 A.3d at 759. The issue discussed in counsel's **Anders** brief is the claim that Appellant's sentence was outside the sentencing guidelines and is unreasonable. **Anders** Brief at 16; Post-Sentence Motion at 2; Appellant's *Pro Se* Response to **Anders** Brief at 12. That is sufficient to raise a substantial question that the sentence is not appropriate under the Sentencing Code. 42 Pa.C.S. § 9781(c)(3) (providing that sentence shall be vacated where "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable"); **Antidormi**, 84 A.3d at 759 (claim that the trial

court imposed a sentence outside the guidelines without stating adequate reasons on the record presents a substantial question).

The challenge to Appellant's sentence, however, fails on the merits. Our review of this issue is governed by the following standards:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*DiClaudio*, 210 A.3d at 1074-75 (quoting *Antidormi*). The trial court's imposition of an 8-to-20-year sentence for burglary, although it exceeds the sentencing guidelines, was not an abuse of its discretion. While a trial court must consider the ranges set forth in the sentencing guidelines when sentencing a defendant, the guidelines are not mandatory, and the court may deviate from the sentencing guidelines, provided that it contemporaneously states an adequate reason for imposing a sentence in excess of the guideline ranges. 42 Pa.C.S. § 9721(b); *Commonwealth v. Durazo*, 210 A.3d 316, 320-21 (Pa. Super. 2019); *Antidormi*, 84 A.3d at 760. Here, the record shows that the trial court considered the sentencing guidelines and the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. N.T. Sentencing at 17, 35-43. The record further shows that the trial court explained at Appellant's sentencing that it was imposing a sentence in excess of the guidelines based on Appellant's lengthy criminal

record that included 12 burglaries in the last 10 years and multiple other crimes and Appellant's misconducts in prison, which constitute valid and adequate reasons imposing a sentence outside the guidelines. *Id.* at 36-41.

None of the additional issues raised by Appellant in his *pro se* response to his counsel's **Anders** brief are meritorious. All but two of these issues are claims of ineffectiveness of trial counsel. A claim of ineffective assistance of counsel is generally not cognizable on direct appeal and must be deferred to collateral review under the Post Conviction Review Act (PCRA), 42 Pa.C.S. §§ 9541-9546. **Commonwealth v. Holmes**, 79 A.3d 562, 563, 576 (Pa. 2013); **Commonwealth v. Hopkins**, 228 A.3d 577, 584 (Pa. Super. 2020). Only three exceptions have been recognized to the rule that ineffective assistance claims may not be brought in a direct appeal: (1) extraordinary cases where the trial court determines that that the claim of ineffective assistance of counsel is both meritorious and apparent from the record so that immediate consideration best serves the interests of justice; (2) where the defendant shows good cause and expressly waives his entitlement to seek PCRA relief; and (3) where the defendant is statutorily ineligible for PCRA relief, such as in cases where the defendant's only sentence is to pay a fine. **Commonwealth v. Delgros**, 183 A.3d 352, 360-61 (Pa. 2018); **Holmes**, 79 A.3d at 563-64, 577-80; **Hopkins**, 228 A.3d at 584.

None of these exceptions applies here. The trial court made no determination of the merits of any of the ineffective assistance of counsel

claims or that immediate consideration of those claims served the interests of justice. Appellant is statutorily eligible to seek PCRA relief and will remain eligible after this appeal is over, as his maximum prison sentence is 20 years. In addition, Appellant has not waived his right to seek PCRA relief. Appellant's claims of ineffectiveness of counsel must therefore be raised in a PCRA petition and cannot be considered on direct appeal. Accordingly, these claims are all frivolous as claims in this direct appeal from his judgment of sentence.

Appellant's only other additional issues are claims that his rights were violated because the Commonwealth withheld a list provided by Victim until the middle of trial and that he did not receive credit for some of his pretrial incarceration. Appellant's *Pro Se* Response to **Anders** Brief at 11-13. Neither of these issues has merit.

Under the United States Supreme Court's decision in **Brady v. Maryland**, 373 U.S. 83 (1963), a defendant's right to due process is violated when the prosecution withholds material evidence that is favorable to him. **Brady**, 373 U.S. at 87; **Commonwealth v. Nero**, 58 A.3d 802, 809 (Pa. Super. 2012). To establish a **Brady** violation, the defendant must prove all of the following three elements: (1) that the evidence at issue is favorable to him, either because it is exculpatory or because it impeaches; (2) that the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) that he was prejudiced by the suppression of the evidence.

*Commonwealth v. Spotz,* 47 A.3d 63, 84 (Pa. 2012); *Commonwealth v. Miller*, 212 A.3d 1114, 1124 (Pa. Super. 2019).

Appellant cannot show that the evidence that the Commonwealth withheld was exculpatory, nor can he show that he was prejudiced by the late production. The list that the Commonwealth failed to produce before trial was a list of home health care agencies that had assisted Victim's mother at the house that Victim gave the state police in response to their request for a list of people who had access to the property to develop possible suspects. N.T., 3/14/22 (P.M.), at 117; N.T., 3/15/22, at 43-45. The evidence against Appellant consisted of videos showing him burglarizing the house and evidence that he had clothes matching the burglar's clothes, had access to a car like the one the burglar drove to the house, and that he was staying with the person who sold items stolen in the burglary. Whether other individuals had past access to and familiarity with the house and who those individuals were would not negate or impeach any of this evidence identifying Appellant as the burglar or provide any evidence that Appellant could not have been present when the burglary was committed.

Appellant's claim for credit for time served fails because the record shows that he is not entitled to the additional credit that he seeks. Appellant received credit for the periods that he was incarcerated from August 9, 2018 to August 10, 2018 and from April 24, 2021 to his sentencing on August 22, 2022. N.T. Sentencing at 6-8, 41-42; Sentencing Order. Appellant's claim

- 18 -

is that he should also have received credit for a period from June 2019 to April 24, 2021. N.T. Sentencing at 6-7; Appellant's *Pro Se* Response to **Anders** Brief at 12-13. The record, however, is undisputed that Appellant received credit for the June 2019 to April 24, 2021 period against a two-year prison sentence that he received in Delaware in a different case. N.T. Sentencing at 7-8.

Based on the foregoing, we agree with appellate counsel that challenges to the sufficiency and weight of the evidence and to Appellant's sentence lack arguable merit and conclude that the additional issues raised by Appellant lack arguable merit as issues on direct appeal from his judgment of sentence. In addition, we have reviewed the certified record and have discovered no additional issues of arguable merit on the face of the record. Therefore, we grant appellate counsel's petition to withdraw and affirm the trial court's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/06/2024